# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 2:19-cv-000547-LJO-EPG |
| **Plaintiffs,** | **ORDER FOR SUPPLEMENTAL BRIEFING RE PENDING MOTION TO DISMISS (ECF NO. 17)** |
| v. | |
| **STATE WATER RESOURCES CONTROL BOARD & STATE WATER RESOURCES CONTROL BOARD CHAIR E. JOAQUIN ESOUIVEL, in his official capacity,** | |
| **Defendants.** | |

On March 28, 2019, Plaintiff United States of America filed two similar lawsuits, one in Sacramento County Superior Court, the other in this Court, concerning amendments adopted by Defendant State Water Resources Control Board ("State Water Board" or "Board") to the Water Quality Control Plan for the San Francisco Bay/Sacramento-San Joaquin Delta Estuary ("Bay-Delta Plan Amendments" or "Amended Plan"). *See* ECF No. 1; ECF No. 18 (Request for Judicial Notice ("RJN")), Ex. 6. The First Amended Complaint ("FAC") in this (the federal) action raises three causes of action under the California Environmental Quality Act ("CEQA")–(1) failure to provide an accurate, stable and finite project description; (2) improper compression of impacts and mitigation; and (3) failure to Adequately Evaluate Impacts–along with (4) a cause of action based upon the doctrine of intergovernmental immunity ("IGI"). ECF No. 14 ("FAC").

1

Before the Court for decision is Defendants' motion to dismiss. ECF No. 17. The motion argues dismissal of the entire federal lawsuit is warranted under four separate abstention doctrines, including *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-318 (1943). Under *Burford*, federal courts vested with jurisdiction may nonetheless "decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 376 (9th Cir. 1982) (citations omitted). The doctrine applies when:

> first, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy.

*Id.* at 377. The Supreme Court has not "provide[d] a formulaic test for determining when dismissal under *Burford* is appropriate," but it has made it clear that "*Burford* represents an 'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.' " *Quackenbush v. Allstate*, 517 U.S. 706, 727-28 (2011).

The Board's argument in favor of application of Burford in this case rests, at least in part, on the fact that CEQA claims are central to the federal complaint and that, under California law, CEQA cases can be given special judicial priority. Specifically, California Public Resources Code § 21167.1(b) provides:

> To ensure that actions or proceedings brought pursuant to [CEQA] may be quickly heard and determined in the lower courts, the superior courts in all counties with a population of more than 200,000 shall designate one or more judges to develop expertise in this division and related land use and environmental laws, so that those judges will be available to hear, and quickly resolve, actions or proceedings brought pursuant to [CEQA].

Relying in part on this statute, at least one district court in California has applied *Burford* abstention to CEQA claims. *See, e.g.*, *Emeryville Redevelopment Agency v. Clear Channel Outdoor*, No. C 06-01279 WHA, 2006 WL 1390561, at *4-5 (N.D. Cal. May 22, 2006) (CEQA claim qualified for *Burford* abstention because "California has put into place a specialized procedure to quickly and consistently

2

resolve issues involving land use and the environment"); *see also Coal. for Clean Air v. VWR Int'l, LLC*, 922 F. Supp. 2d 1089, 1108 (E.D. Cal. 2013) (the undersigned finding that "California has adopted a comprehensive scheme for suits brought under CEQA" because "California concentrates suits brought under CEQA before specially designated judges with specialized expertise in the statute, and that special procedures apply, including shortened statutes of limitations, fast-tracked case management, and limited appellate review," but declining to apply *Burford* because the state and federal claims at issue did not turn on an interpretation of CEQA).

However, while California has implemented legislation that <u>permits</u> CEQA cases to be concentrated before judges with experience in the statute, judicially noticeable docket entries in the United States' parallel state lawsuit (that post-date the pending motion to dismiss) suggest the state matter was recently transferred from a judge designated as a CEQA specialist California Public Resources Code § 21167.1(b) to one that is <u>not</u> (at least not publicly) so designated. *See* Sacramento Cty. Sup. Court Case No. 34-2019-80003111-CU-WM-GDS, Docket No. 21 (indicating that the case had been reassigned from Department 27 to Department 18); *compare* Sacramento County Superior Court 2019 Civil Judicial Assignments, available at [saccourt.ca.gov/civil/docs/cv-2019-judicial-assignments.pdf](saccourt.ca.gov/civil/docs/cv-2019-judicial-assignments.pdf) (last visited November 4, 2019) (indicating that Department 27 is designated to handle CEQA cases) *with* Sacramento County Superior Court Phone Directory- Judicial (indicating that Department 18 is designated to handle "Trial/ Civil Harassment TROs/ Fee Waivers (Back-up)/ Misdemeanor Warrants"). Therefore, it is decidedly unclear whether the parallel state lawsuits <u>are actually being handled by a judge designated under California Public Resources Code § 21167.1(b) as a CEQA specialist</u>.

Accordingly, because the parties have not had the opportunity to address this issue, the Board shall, on or before November 12, 2019, file a supplemental brief no longer than five pages in length explaining its position on how this development impacts the *Burford* analysis. Alternatively, the Board may withdraw its reliance on *Burford*. Thereafter, the United States shall have three days to file a

3

responsive brief of equal or lesser length.

IT IS SO ORDERED.

    Dated: __**November 4, 2019**__         __/s/ Lawrence J. O'Neill__
                                                              UNITED STATES CHIEF DISTRICT JUDGE